1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARLOTTA OGUNDIMO, et al.,** <br><br> **Plaintiffs** <br><br> **v.** <br><br> **STEADFAST COMPANIES, et al.,** <br><br> **Defendants** | **CASE NO. 1:14-CV-324 AWI SKO** <br><br> **ORDER ON PLAINTIFF'S MOTION FOR DEFAULT AND TEMPORARY RESTRAINING ORDER** <br><br> **(Doc. No. 4)** |

       This is a housing dispute between Plaintiffs and Defendants regarding repairs to a dwelling that is rented by Plaintiffs.  See Doc. No. 1.  Plaintiffs, who are pro se, filed suit in this matter on March 7, 2014, and also filed a motion to proceed *in forma pauperis*.  See Doc. Nos. 1, 3. Plaintiffs' Complaint invokes 42 U.S.C. § 3601, 42 U.S.C. § 1201 et seq., California Government Code § 12900 et seq., and possibly California common law.  See Doc. No. 1.  On April 14, 2014, Plaintiffs filed a motion for default and a motion for a temporary restraining order.  See Doc. No. 4.

       *Request For Default*
       Defendants have not been served with the Complaint.  Plaintiffs' complaint and *in forma paueris* motion are being reviewed by the Magistrate Judge.  The Court will not issue orders regarding service of the Complaint until after the *in forma pauperis* motion has been resolved. Because the Defendants have not been served, neither an entry of default by the clerk or a default

1   judgment is appropriate.[1]  See O'Brien v. R.J. O'Brien & Assocs., 998 F.2d 1394, 1398 (7th Cir.

2   1993).  Plaintiffs' request for a default will be denied without prejudice.

3           *Motion For Temporary Restraining Order*

4           Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary

5   restraining orders.  See Fed. R. Civ. Pro. 65.  The substantive standard for granting a temporary

6   restraining order is the same as the standard for entering a preliminary injunction.  Bronco Wine

7   Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile &

8   Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995); see also Welker v.

9   Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001).  A plaintiff seeking a preliminary

10  injunction or a restraining order must establish: (1) that he is likely to succeed on the merits, (2)

11  that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance

12  of equities tips in his favor, and (4) that an injunction is in the public interest.  Winter v. Natural

13  Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer

14  Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).  If a moving party has only shown "serious

15  questions going to the merits," then an injunction may issue if the moving party meets the

16  irreparable harm requirement, meets the public interest requirement, and shows that the balance of

17  hardships "tips sharply" in his favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1132,

18  1135 (9th Cir. 2011).  However, if a moving party fails to show that he has at least "some chance

19  on the merits," then no injunction will issue.  Developmental Servs. Network v. Douglas, 666 F.3d

20  540, 544 (9th Cir. 2012).  "Injunctive relief . . . must be tailored to remedy the specific harm

21  alleged."  Park Vill., 636 F.3d at 1160.

22          Plaintiffs' motion is unclear.  It appears that the motion for temporary restraining order is

23  based in part on Plaintiffs' request for default, and also based on an April 10, 2014 letter from the

24  Fresno Housing Authority.  The April 10 letter is a notice of abatement.  The letter states that the

25  Plaintiffs' dwelling failed inspection, that rent will be abated effective May 1, 2014, and a contract

26  will be cancelled on May 7, 2014, if repairs are not made.

27          A temporary restraining order is not appropriate for several reasons.  First, Plaintiffs have

28

[1] The Court refers Plaintiffs to Federal Rule of Civil Procedure 55 regarding entry of default and default judgment.

failed to show a likelihood of success on the merits or addressed the other three *Winter* factors listed above.[2]  Second, to the extent that Plaintiffs seek to enjoin the Fresno Housing Authority, that entity is not a party to this lawsuit.  Although Federal Rule of Civil Procedure 65(d) describes those persons who can be bound by a restraining order, Plaintiffs make no showing that the Fresno Housing Authority is one of those person.  See Fed. R. Civ. Pro. 65(d).  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before it."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).  Third, Plaintiffs have not followed Federal Rule of Civil Procedure 65 or Local Rule 231, which deal with the procedures for seeking a temporary restraining order.  Therefore, the Court will deny Plaintiffs' motion for a temporary restraining order without prejudice.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiffs' motion for default and motion for temporary restraining order is DENIED without prejudice; and

2.     This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  __April 15, 2014__          _____
                                     SENIOR  DISTRICT  JUDGE

---

[2] Additionally, the Court again notes that the Complaint is in the process of being screened.  If there are no viable federal claims found, then the Court would not exercise supplemental jurisdiction over the remaining state law claims.