UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO, | CASE NO. 1:14-cv-00324-AWI-SKO |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| STEADFAST COMPANIES, | **(Doc. 4)** |
| Defendant. | |
| _____/ | |

**I. INTRODUCTION**

On March 7, 2014, Plaintiff Carlotta Ogundimo ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Defendant Steadfast Companies ("Defendant") on behalf of herself and her three minor children. (Doc. 1.) Plaintiff alleges Defendant violated the Fair Housing Amendments Act of 1988, Americans with Disabilities Act, and California's Fair Employment and Housing Act, and is also liable for an injury to her thumb incurred in her dwelling. (Doc. 1, 1-2, 5.) For the reasons set for the below, Plaintiff's complaint is DISMISSED with 30 days' leave to amend.

1

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff, a resident of Fresno County, alleges that Defendant's actions have violated and compromised "in a grossly negligent way" Plaintiff and her children's right to enjoy their dwelling. (Doc. 1, 1.) Plaintiff further alleges Defendant improperly installed a dishwasher in her dwelling, which fell from under the counter, striking her and injuring her thumb. (Doc. 1, 5.)

Plaintiff alleges that since November 19, 2012, shortly after she and her children moved into her two-bedroom dwelling, mold has grown in the living room, windows, bathroom ceiling and shower, and east wall of the master bedroom. (Doc. 1, 2-4.) Plaintiff notified Defendant of the mold problem by letter on December 5, 2012. (Doc. 1, 3.) Plaintiff claims that since "mold occurred" on December 5, 2012, Plaintiff has been unable to sleep in her therapeutic bed. (Doc. 1, 2.) Plaintiff requested relocation due to the mold issue, but Defendant refused to relocate Plaintiff. (Doc. 1, 5.) Plaintiff asserts that Defendant did not address the mold problem for more than a year, until after Plaintiff called "City Officials to come out and create a notice of violations" in February 2014. (Doc. 1, 4.) Defendant remedied some violations, while others remained. (Doc. 1, 3.) Plaintiff asserts the mold cleanup process in the bathroom caused Plaintiff and her children to become sick with body pains, headaches, and sneezing "each time" it was cleaned. (Doc. 1, 3.) Plaintiff claims that Defendant "[chose] to clean up mold instead of hiring a company that knows how to effectively do mold abatements." (Doc. 1, 4.) As a result, Defendant "botched [the] cleanup," and mold spread throughout the dwelling. (Doc. 1, 4.) The mold spread to Plaintiff's bedding, linens, towels, furniture, clothing, and wooden items. Plaintiff asserts that all items inside the dwelling were a "total loss." (Doc. 1, 4.)

Plaintiff asserts Defendant's actions violated the Fair Housing Amendments Act of 1988 ("FHAA"), Americans with Disabilities Act ("ADA"), and California's Fair Housing and Employment Act ("FEHA"). (Doc. 1, 1.) Plaintiff asserts that Defendant knows she is disabled and uses mobility devices, motorized wheelchair, walkers, shower chairs and bars. (Doc. 1, 6.) Plaintiff seeks to recover the cost of the contents of her dwelling, punitive damages, pain and

suffering, court costs, attorney fees, and awards for "emotional distress" and "physical distress." (Doc. 1, 4.)

Plaintiff also alleges that Defendant improperly replaced the dishwasher in her dwelling, which fell from under the counter, striking Plaintiff's left hand on March 12, 2012. (Doc. 1, 5.) Plaintiff sustained an injury which caused the loss of use of her left thumb. Plaintiff asserts her thumb has been unusable for two years. (Doc. 1, 6.) Plaintiff seeks to have Defendant pay "Social Security" to Plaintiff for her lifetime, in addition to damages for the loss of her left thumb, punitive damages, pain and suffering, court costs, attorney fees, and awards for "emotional distress" and "physical distress." (Doc. 1, 6.)

### III.  SCREENING STANDARDS

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

In cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.  *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).  A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)).

## IV.  DISCUSSION

**A.  Plaintiff Fails to Allege a Cognizable FHAA Claim**

The Fair Housing Amendments Act of 1988 ("FHAA") provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a building, or in the provision of services or facilities in connection with such dwelling, because of a handicap of (A) that person; or (B) a person residing or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that person.  42 U.S.C. § 3604(f)(2).  Discrimination includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).  An aggrieved person, defined as any person who claims to have been injured by a discriminatory housing practice, may commence a civil action in an appropriate United States district court not later than two years after an occurrence of, or termination of, an allegedly discriminatory housing practice.  42 U.S.C. §§ 3602(i), 3613(a).  An aggrieved person's civil action may be commenced without regard to the filing or status of any administrative complaint.  42 U.S.C. § 3613(a)(2).  A plaintiff who establishes that a discriminatory housing practice has occurred may recover actual and punitive damages.  42 U.S.C. § 3613(c).

Although Plaintiff does not specify which provision(s) of the FHAA she alleges Defendant violated, based on the facts of her complaint the Court analyzes whether Plaintiff alleges a cognizable claim under § 3604, "Discrimination in the sale or rental of housing and other prohibited practices." In order to state a discrimination claim under the FHAA for failure to reasonably accommodate a disability, a plaintiff must allege that (1) she suffers from a handicap as defined by the FHAA; (2) the defendant knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford the plaintiff an equal opportunity to use and enjoy her dwelling; and (4) the defendant refused to make such accommodation. *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004). The threshold for pleading discrimination under the statute is low pursuant to a relaxed notice pleading standard and awareness that such a standard contains a powerful presumption against rejecting pleadings for failure to state a claim. *Id.*

Here, Plaintiff demonstrated the first two components of an FHAA reasonable accommodation claim – that she suffers from a disability and that Defendant knew or reasonably should have known of her handicap – by alleging Defendant knew she is disabled and uses mobility devices, a motorized wheelchair, walkers, and shower chairs and bars. (Doc. 1, 6.) However, Plaintiff does not demonstrate the third or fourth components necessary to establish a reasonable accommodation claim – that an accommodation of her conditions by Defendant would afford Plaintiff an equal opportunity to use and enjoy her dwelling, and that Defendant refused to make such an accommodation. Plaintiff explains that her apartment had a mold problem beginning shortly after she inhabited the dwelling, and that although she notified Defendant, the Defendant did not promptly fix the problem. Further, Defendant did not permit Plaintiff to move when she requested to do so. Plaintiff alleges that once Defendant finally attempted to fix the mold problem, Defendant did the work internally rather than hiring a mold abatement specialist. The attempt to remove the mold was only partially successful. As a result of the mold, Plaintiff was not able to sleep in her therapeutic bed, and the contents of her dwelling were contaminated with mold. Further, Plaintiff alleges that the mold treatment used

by Defendant in the bathroom causes her physical problems and the mold has exacerbated her health problems.

Despite the fact that she is disabled, which Defendant knew, nothing in Plaintiff's complaint sets forth how an accommodation by Defendant of Plaintiff's disability would afford Plaintiff the equal opportunity to use and enjoy her dwelling, or that Defendant refused to make such an accommodation.  It is not clear how Defendant's failure to timely address the mold problem can be construed as a failure to provide an accommodation for her disability.  Although Plaintiff alleges she requested to be moved and Defendant denied her request, Plaintiff does not set forth facts establishing that her request to move was related to accommodating her disability.

Here, Plaintiff's complaint does not demonstrate the third or fourth criteria necessary to establish a cognizable FHAA claim, because her complaint alleges no connection between Defendant's failure to timely address the mold problem or allow her to move, and Plaintiff's disability.  Accordingly, Plaintiff must amend the complaint to clearly plead facts, allegations, and claims connecting Defendant's conduct to her disability to allege a cognizable violation of the FHAA.

**B.     Plaintiff Fails to Allege a Cognizable ADA Claim Against Defendant**

The Americans with Disabilities Act ("ADA") was enacted:

(1) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(2) To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
(3) To ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and
(4) To invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C.A. § 12101.

The ADA consists of Titles I-V, encompassing employment, public entities, public accommodations, telecommunications, and miscellaneous provisions.  42 U.S.C §§ 12111 – 12213.  A plaintiff must make specific showings to bring an ADA claim based on the Title

6

under which they seek enforcement.  For example, "[t]o establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability."  *Lovell*, 303 F.3d at 1052.

Here, Plaintiff's complaint does not establish under which Title of the ADA she is asserting a claim.  Plaintiff alleges that Defendant "violated . . . the American with Disabilities Acts," but does not mention the ADA elsewhere in the complaint.  Further, Plaintiff sets forth no allegations pointing to a Title of the ADA by pleading a connection to employment (Title I), public entities (Title II), public accommodations (Title III), telecommunications (Title IV), or the ADA's miscellaneous provisions (Title V).  (Doc. 1, 2.)  As such, Plaintiff's complaint does not establish a cognizable claim under the ADA and must be dismissed.  Upon amendment, Plaintiff must plead the Title and specific facts connecting Defendant's conduct to alleged violations of the ADA.

**C.     The Court Lacks Jurisdiction Over Plaintiff's State Law Claims**

Plaintiff alleges Defendant violated California's Fair Employment and Housing Act ("FEHA"), and is liable for an injury to her thumb incurred in her dwelling. (Doc. 1, 1-2, 5.)  Federal courts have no power to consider claims for which they lack subject-matter jurisdiction.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Courts have an independent duty to consider their own subject-matter jurisdiction, whether or not the issue is raised by the parties, and may, *sua sponte*, dismiss an action over which it lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").  The burden is on Plaintiff to show that jurisdiction exists.

Plaintiff's FEHA and tort claims are governed by California state law.  A federal court lacks jurisdiction over Plaintiff's state law claims unless jurisdiction is established through diversity or the court elects to exercise supplemental jurisdiction over the claims.  *See, e.g.,*

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("Although the district courts may not exercise jurisdiction absent a statutory basis, it is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.")

Here, Plaintiff and Defendant are both California residents and thus lack diversity. (Civil Cover Sheet, Doc. 2.) Further, because Plaintiff does not establish a cognizable federal claim, the Court declines to assert jurisdiction over Plaintiff's alleged state law claims through supplemental jurisdiction.

**D.    Amendment**

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of the defendant must be sufficiently alleged. The Court directs Plaintiff to Local Rule 202(a), which requires that when minors are plaintiffs,

> Upon commencement of an action . . . by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c).

Local Rules of the United States District Court, Eastern District of California, R.202(a). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

//

//

**V.  CONCLUSION AND ORDER**

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.  Plaintiff will be given an opportunity to amend the deficiencies of the complaint as discussed above.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED;
2. Plaintiff shall file an amended complaint within thirty (30) days from the date of service of this order; and
3. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **September 2, 2014**                     **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE